UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF BILLIE JOE MEADOWS,

       Plaintiff,

v.

                                 Case No. 11-15686
                                 Honorable Patrick J. Duggan

CARPENTERS' PENSION TRUST FUND -
DETROIT AND VICINITY, and
JOAN MEADOWS,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT CARPENTER'S PENSION
TRUST FUND - DETROIT AND VICINITY'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

      Plaintiff filed this lawsuit on December 29, 2011, seeking an injunction barring the

Carpenters' Pension Trust Fund – Detroit and Vicinity ("Fund") from paying certain

benefits to Defendant Joan Meadows ("Ms. Meadows") and a declaratory judgment that

Plaintiff is entitled to those benefits.  Presently before the Court is the Fund's motion to

dismiss for lack of subject matter jurisdiction and failure to state a claim upon which

relief may be granted, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6),

respectively, on January 20, 2012.

      Plaintiff filed a response to the Fund's motion to dismiss on February 8, 2012.

The Fund filed a reply brief on February 22, 2012.  The Court concludes that oral

argument will not aid in its adjudication of the matter and therefore is dispensing with

oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons

that follow, the Court concludes that it lacks subject matter jurisdiction over this action

and thus Plaintiff's Complaint must be dismissed without prejudice.  Absent jurisdiction,

this Court has no authority to address the Fund's alternative argument that Plaintiff's

Complaint fails to state a claim upon which relief may be granted.

## I.    Standards Applicable to Rule 12(b)(1) Motions

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

fall into two categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15

F.3d 592, 598 (6th Cir. 1994).  As the Sixth Circuit described these two categories of

motions:

> A *facial* attack is a challenge to the sufficiency of the
> pleading itself.  On such motion, the court must take the
> material allegations of the petition as true and construed in the
> light most favorable to the nonmoving party . . . A *factual*
> attack, on the other hand, is not a challenge to the sufficiency
> of the pleading's allegations, but a challenge to the factual
> existence of subject matter jurisdiction.  On such a motion, no
> presumptive truthfulness applies to the factual allegations . . .
> and the court is free to weigh the evidence and satisfy itself as
> to the existence of its power to hear the case.

*Id*. (internal citations omitted) (emphasis in original).  It is the plaintiff's burden to

demonstrate that the court has jurisdiction over the subject matter.  *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986) (citation omitted).

The Fund is raising a facial attack to the existence of subject matter jurisdiction.

(*See* Fund's Br. in Support of Mot. at 4.)

II.     **Factual and Procedural Background**

Plaintiff is the Estate of Billie Joe Meadows.  Billie Joe Meadows ("Mr. Meadows"), now deceased, was employed as a millwright and was a member of a union. (Compl. ¶ 8.) As such, he was eligible to receive certain retirement and pension benefits administered by the Fund.  (*Id*. ¶ 9.)  Mr. Meadows married Ms. Meadows on October 21, 1993.  (*Id*. ¶ 10.)  Mr. Meadows had one child from a previous marriage named Deborah Meadows.  (*Id*. ¶ 11.)

In 1995, Mr. Meadows retired and elected a 50% joint and survivor benefit, with Ms. Meadows as beneficiary.  (*Id*. ¶ 12; Fund's Mot. Ex. 1.)  On October 24, 2008, Mr. Meadows and Ms. Meadows were divorced pursuant to a Judgment of Divorce entered by the Circuit Court for Wayne County, Michigan.  (*Id*. ¶ 2, Ex. 2.)  Paragraph thirty-four of the Judgment of Divorce reads in relevant part: "The parties shall retain their own in any pension benefits, IRAs, and profit sharing plans, deferred compensation plans, including any other 401K, defined benefit plans, or other retirement funds, or stock as their sole and separate property free from any right, title or interest of the other party."  (*Id*. Ex. 2 ¶ 34.)

On November 15, 2006, Mr. Meadows executed his Last Will and Testament in which he named his daughter, Deborah Meadows, as the personal representative of his estate.  (Compl. ¶ 2; Ex. 1.)  Mr. Meadow also declared that he was leaving his entire estate to his daughter.  (*Id*. ¶ 13.)  Mr. Meadows died on October 29, 2011.  (Compl. ¶ 16.)

On December 29, 2011, Plaintiff initiated this action to contest Ms. Meadows'

right to retain survivor benefits from the Fund.  In the Complaint, Plaintiff invokes federal

subject matter jurisdiction pursuant to 28 U.S.C. § 1331, alleging that "[t]his action

concerns pension rights and issues arising under the Employee Retirement Income

Security Act ("ERISA") . . .."  (*Id.* ¶ 5.)  Plaintiff asserts that Ms. Meadows waived all of

her rights and interest in pension benefits from the Fund in the Judgment of Divorce.  (*Id.*

¶ 32.)  Nevertheless, Plaintiff acknowledges that, pursuant to ERISA, the Fund "is

required to pay the survivor benefits in accordance with the plan documents which it

possesses"– i.e., to Ms. Meadows.  (*Id.* ¶ 24.)  Alleging that there is a "serious danger that

she [Ms. Meadows] will use, dissipate, destroy or hide these monies preventing any future

recovery" (*id.* ¶ 27), Plaintiff asks the Court to order the payment of the benefits into a

constructive trust and to declare that Ms. Meadows waived her rights to the benefits and

that they must be released to Plaintiff.  (*Id.* ¶¶ 28, 34.)

On the date the Complaint was filed, Plaintiff also filed an *ex parte* motion for a

temporary restraining order ("TRO") to enjoin the Fund from paying Ms. Meadows the

survivor benefits or otherwise dissipating or disposing of those benefits.  This Court

granted the motion and entered a TRO on December 30, 2011, in which it also ordered

Defendants to show cause why a preliminary injunction should not be entered.  (Doc. 6.)

On January 30, 2012, pursuant to the parties' stipulation at an earlier hearing attended by

Ms. Meadows and attorneys for Plaintiff and the Fund, the TRO was extended "until

further Order of this Court."  (Doc. 19.)

The Fund and Ms. Meadows filed responses to the show cause order on January 16

and 25, 2012, respectively.  As indicated above, the Fund also filed the pending motion to dismiss.

### III.    Analysis

The Fund's argument in its motion to dismiss pursuant to Rule 12(b)(1), in its essence, is that this is not an action brought pursuant to ERISA because Plaintiff lacks standing under ERISA.  The Fund therefore contends that Plaintiff's claim for a constructive trust is not properly brought in federal court; and in fact, the Court lacks a basis to assert federal subject matter jurisdiction over the action.

As Plaintiff acknowledges in its response brief, "ERISA's civil enforcement provisions, set forth in 29 U.S.C. § 1132(a), provide the exclusive remedy for participants or beneficiaries to enforce their rights under an ERISA plan."  (Pl.'s Resp. Br. at 3.) In fact, § 1132 grants the right to sue under ERISA to the following "persons," only: participants, beneficiaries, fiduciaries, and the Secretary of Labor.  *See* 29 U.S.C. § 1132(a).  Plaintiff further acknowledges in its response brief that it is not a participant or beneficiary with respect to the plan, and it clearly is not a fiduciary or the Secretary of Labor either.  (Pl.'s Resp. Br. at 3.)  Thus Plaintiff lacks standing to bring this civil action under ERISA.

Plaintiff actually appears to acknowledge in its response brief, contrary to the assertions in its Complaint, that this is not an action concerning issues arising under ERISA.  For Plaintiff "agrees" in its response to the Fund's motion that the Fund, in accordance with ERISA, "must pay the benefits to Joan Meadows as the last named

beneficiary and according to the plan documents." (Pl.'s Resp. Br. at 3.)  As such, there

is no dispute in this case as to which party, under ERISA, is entitled to the benefits at

issue.  In short, this is not an ERISA action.  Rather, it is a claim to determine whether

Ms. Meadows waived her right to the pension benefits in the Judgment of Divorce; and if

so, whether those benefits should be placed in a constructive trust once they are paid to

Ms. Meadows and then transferred to Plaintiff.  Contrary to Plaintiff's misunderstanding,

the Fund is not contending that ERISA preempts Plaintiff's claim for a constructive trust.

However it does not necessarily follow, as Plaintiff asserts in its response brief, that "this

[federal] Court has jurisdiction to decide . . . [Plaintiff's] constructive trust claim." (*Id.*)

"'Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute . . . which is not to be expanded by judicial

decree.'" *Freeland v. Liberty Mut. Life Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011)

(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673

(1994)).  Pursuant to this authority, federal courts have the power to adjudicate claims

"arising under the Constitution, laws, or treaties of the United States" or where there is

complete diversity of citizenship between the parties and the amount in controversy

exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *see also* U.S. Const. art. III, § 2.  While

federal courts are authorized to exercise jurisdiction under other circumstances, *see* U.S.

Const. art. III, § 2; 28 U.S.C. §§ 1330-1369, none of those circumstances appear to apply

in this case.  As set forth earlier, it is Plaintiff's burden to demonstrate that this Court has

the authority to exercise jurisdiction over the matter.

Plaintiff invokes § 1332 and cites to ERISA.  As discussed above, however, this action does not arise under ERISA.  As such, Plaintiff's Complaint fails to set forth a basis for this Court to exercise federal subject matter jurisdiction.

Accordingly,

**IT IS ORDERED**, that Defendant Carpenters' Pension Trust Fund - Detroit and Vicinity's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.


Date: March 5, 2012                         s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Thomas L. Stroble, Esq.
Mitchell H. Boardman, Esq.
Edward J. Pasternak, Esq.

Joan Meadows
c/o Joseh C. McCulley
4215 West Main Street
Kalamazoo, MI 49006